**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOPHIA RACHELLE WILSON, | No. 16-15870 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02550-NVW |
| v. | |
| MARICOPA COMMUNITY COLLEGE DISTRICT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Sophia Rachelle Wilson appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1981 action alleging discrimination and retaliation.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Surrell v. Cal.*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Wilson's sex discrimination claim because § 1981 does not provide a claim for sex discrimination. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) ("§ 1981 creates a cause of action only for those discriminated against on account of their race or ethnicity."). Wilson stipulated to the dismissal of her sex discrimination claim under Title VII.

The district court properly granted summary judgment on Wilson's § 1981 racial discrimination claim because Wilson failed to raise a genuine dispute of material fact as to whether her constitutional rights were violated as a result of an official policy, practice, or custom of the Maricopa Community College District. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215-16 (9th Cir. 1996) (policy and custom requirement set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) applies to § 1981 claims).

The district court properly granted summary judgment on Wilson's § 1981 retaliation claim because Wilson failed to raise a genuine dispute of material fact as to whether there was a causal connection between her protected activity and suspension from the college. *See Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 800

16-15870

(9th Cir. 2003) (elements of a § 1981 retaliation claim); *see also Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013) ("[R]etaliation claims must be proved according to traditional principles of but-for causation.").

We reject as without merit Wilson's contention that the district court erred in denying her request to submit new evidence.

**AFFIRMED.**